IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| WESLEY TY PAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. |
| | ) | |
| LIFE CARE CENTER OF GRANDVIEW, | ) | |
| and UNITED MEDICAL INVESTORS | ) | |
| LIMITED PARTNERSHIP, INC. d/b/a | ) | |
| LIFE CARE CENTER OF GRANDVIEW, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Defendants Life Care Center of Grandview[1] and United Medical Investors Limited Partnership d/b/a Life Care Center of Grandview (erroneously named herein as United Medical Investors Limited Partnership, Inc. d/b/a Life Care Center of Grandview) and hereby file this Notice of Removal and remove this action to the United States District Court for the Western District of Missouri pursuant to 28 U.S.C. §§ 1332, 1441 & 1446. Defendants state the grounds for removal as follows:

1. There currently is pending in the Circuit Court of Jackson County, Missouri at Independence, a civil action styled *Wesley Ty Page v. Life Care Center of Grandview and United Medical Investors Limited Partnership, Inc. d/b/a life Care Center of Grandview*, Case No. 2116-CV27478. The Petition for Damages was filed on December 20, 2021, and Defendant United Medical Investors Limited Partnership was served on or about December 28, 2021. (Copies of all

---

[1] Life Care Center of Grandview (LCCG) is merely a registered fictitious name for Defendant United Medical Investors Limited Partnership; they are one and the same. As such, LCCG is neither a separate entity that can be sued nor a proper defendant in this lawsuit.

1

process, pleadings, and orders received to date by Defendant in this action are attached as **Exhibit A** and incorporated herein).

2. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00. For the reasons outlined below, the existence of the workers compensation discrimination claim should not prevent removal of the case to this Court.

## DIVERSITY OF CITIZENSHIP

3. Plaintiff Wesley Ty Page is an individual who resides in Lee's Summit, Jackson County, Missouri. **Exhibit A**, Petition for Damages, ¶ 1.

4. Life Care Center of Grandview ("LCCG") is a fictitious name, registered by Defendant United Medical Investors Limited Partnership, a Tennessee company. LCCG has no standalone existence and is merely descriptive of another entity (United Medical Investors Limited Partnership) who does business under this name and is already a party to this case. In the unlikely event that Life Care Center of Grandview is considered to be a proper party, because it is a fictitious name with no stake in the outcome of this litigation, it would only be a nominal party. *See Gentry v. Sikorsky Aircraft Corp.* 383 F.Supp.3d 442, 453-54 (E.D. Penn. 2019); 28 U.S.C. § 1441(b)(1). The alleged citizenship of fictitious parties may be ignored for purposes of determining whether there is complete diversity. 28 U.S.C. §1141(b)(2). For these reasons, its inclusion in this lawsuit does not serve to defeat diversity jurisdiction. *Id.*

5. As an initial matter, it should be noted that Plaintiff's **actual employer** was Life Care Center of America, Inc. ("LCCA"). Accordingly, the analysis of citizenship for purposes of

establishing diversity jurisdiction should be limited to LCCA. LCCA is a Tennessee corporation, with its principal place of business at 3570 Keith Street, N.W., Cleveland, Tennessee, 37312. **Exhibit B**, Tennessee Secretary of State Business Entity Detail, Life Care Centers of America, Inc.:

https://tnbear.tn.gov/Ecommerce/FilingDetail.aspx?CN=009147232238047069021166175167182053107190077184 (last visited January 24, 2022).

Thus, Life Care Center of America, Inc., is a citizen of the State of Tennessee. 28 U.S.C. § 1332(c)(1).

6. Defendant United Medical Investors Limited Partnership is a foreign limited partnership registered in Missouri but formed in the State of Tennessee. All the partners, both general and limited, of United Medical Investors Limited Partnership are citizens of Tennessee because they have their principal place of business or are domiciled there. 28 U.S.C. § 1332(c)(1).

7. Nevertheless, the Parties have agreed that LCCA will be substituted into this case in place of LCCG and United Medical Investors. *See* **Exhibit E**, Email between counsel confirming stipulation reached as to substitution of parties. The Parties have agreed to file the necessary pleadings to effectuate the substitution in the next few days. Accordingly, the issue of diversity should be determined by looking at the citizenship of Plaintiff (Missouri citizen) and soon-to-be Defendant LCCA (Tennessee citizen).

8. The undersigned defense counsel will also be representing LCCA and can affirm that both current Defendant United Medical Investors LP and LCCA consent to removal of this case, if required in this relatively unique situation.

## AMOUNT IN CONTROVERSY

9. Plaintiff claims that – as a white, older male – his rights have been violated by his employer. Plaintiff's Petition for Damages includes claims of age discrimination, sex discrimination, and race discrimination, retaliation, and hostile work environment all in violation of the Missouri Human Rights Act. Plaintiff's Petition also includes an invalid, and therefore fraudulently included, claim for workers' compensation discrimination pursuant to R.S.Mo. § 287.780, which is addressed separately below. Plaintiff's Petition seeks damages including past and future lost wages and benefits, emotional distress, diminished career potential, costs, expenses, witness fees, attorneys' fees, and punitive damages. Plaintiff's Petition lacks reference to any specific amount in controversy.

10. Pursuant to 28 U.S.C. § 1446, a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the $75,000 jurisdictional threshold. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

11. To satisfy the $75,000 amount-in-controversy requirement set forth in 28 U.S.C. § 1332, a removing party must show only that the claims "could, that is might," exceed $75,000. *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005). The question "is not whether the damages ***are*** greater than the requisite amount, but whether a fact finder ***might*** legally conclude that they are." *Bell v. Hershey Co.*, 557 F.3d 953, 959 (8th Cir. 2009) (emphasis added). Once this burden is met, the opponent to removal must "establish to a legal certainty that the claim is for less than the requisite amount." *Id.*

12. When analyzing the jurisdictional amount, punitive damages and attorney's fees may be considered along with actual compensatory damages. *See Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under

4

a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766-67 (8th Cir. 2001) ("Punitive damages, of course, may be used to establish diversity jurisdiction. . . .").

13. The majority rule among courts in the Eighth Circuit is that both past and future attorney's fees are included in the amount in controversy so long as they are reasonable and may be awarded. *Stanley v. Lafayette Life Ins. Co.*, No. 3:13-CV-05137-MDH, 2015 WL 2062568, at *3 (W.D. Mo. May 4, 2015) ("While the Eighth Circuit has not yet addressed [whether *future* attorney's fees may be included in addition to the attorney's fees as of the date of removal], the majority of district courts within this circuit have held that attorney fees incurred post-removal are includable in the amount in controversy calculation so long as they are reasonable."). **Exhibit C.**

14. Plaintiff was hired by LCCA as the Executive Director for the Grandview facility on or about November 1, 2018. At the time of his separation from employment his salary was around $100,000.

15. At the time of this filing, it has been nearly a year since Plaintiff was unemployed by LCCA, and Plaintiff claims lost wages for that time period.[2] Accordingly, Plaintiff's claimed lost wages to date would be around $99,000,[3] exceeding the $75,000 jurisdictional limit.

---

[2] *See* Plaintiff's Petition for Damages, ¶¶ 83, 92, 105, 115, 131.
[3] At the time of this filing, Plaintiff's lost wages claim encompasses 51.7 weeks. Plaintiff's salary at the time of his separation from employment was $100,485. That amount divided by 52 weeks is $1,932.40 per week. Plaintiff's estimated weekly salary, multiplied by 51.7 weeks of lost wages, equates to $99,905.28.

16. In addition, Plaintiff seeks damages for lost benefits[4], emotional distress[5], attorneys' fees[6], and punitive damages[7], all of which demonstrate that "a finder of fact might legally conclude" that the amount in controversy exceeds $75,000. *See Bell*, 557 F.3d at 959.

17. While Defendant disputes that Plaintiff is entitled to any recovery, for removal purposes it is plausibly alleged in this Notice of Removal that the amount in controversy could legally exceed $75,000. Therefore, the jurisdictional threshold set by 28 U.S.C. § 1332 has been established by a preponderance of the evidence.

18. If Plaintiff denies that the amount in controversy exceeds this jurisdictional threshold, then Defendant requests leave to conduct limited discovery on that subject before the issue is resolved or, conversely, that Plaintiff agree to a stipulation that he does not claim, and cannot recover, any amount over $75,000.

**FRAUDULENT INCLUSION OF WORKERS' COMPENSATION CLAIM TO DEFEAT REMOVAL**

19. Plaintiff has not and cannot properly plead a claim for workers' compensation discrimination. Plaintiff's inclusion of a workers' compensation claim in his Petition for Damages was likely included as an attempt to prevent removal.

20. Generally, a civil action arising out of State workers' compensation laws may not be removed. 28 U.S.C. § 1445(c). Section 1445(c) prevents removal "even where there is diversity of citizenship between the parties." *Johnson v. AGCO Corp.*, 159 F.3d 1114, 1116 (8th Cir. 1998). However, an exception to § 1445(c) exists "when a plaintiff fraudulently pleads an otherwise non-removeable claim to avoid federal jurisdiction." *White v. Union Pac. R.R. Co.*, No. 19-cv-00080, 2019 WL 3400716, at *1 (W.D. Mo. July 26, 2019). Attached hereto as **Exhibit D.**

---

[4] *See* Plaintiff's Petition for Damages, ¶¶ 83, 92, 105, 115, 131.
[5] *See* Plaintiff's Petition for Damages, ¶¶ 83, 92, 105, 115, 131.
[6] *See* Plaintiff's Petition for Damages ¶¶ 85, 94, 107, 117, 133-34.
[7] *See* Exhibit A, Plaintiff's Petition for Damages ¶¶ 84, 93, 103, 116-17, 132, 134, 143.

6

21. "A claim is fraudulently pleaded if it is 'so baseless . . . as to constitute a fraudulent attempt' to thwart removal." *Id.* (quoting *Farmers' Bank & Tr. Co. of Hardinsburg, Ky. v. Atchison, T. & S.F. Ry. Co.*, 25 F.2d 23, 29 (8th Cir. 1928)).

22. Discrimination based on workers' compensation under the Missouri Human Rights Act requires a claimant to establish that he was an employee before the injury,[8] he exercised his right under workers' compensation law, employer's discharge of or discrimination against claimant, and that the exercise of workers' compensation rights was the motivating factor in discharge. R.S.Mo. § 287.780.

23. R.S.Mo. § 287.020.2 defines "accident" as "an unexpected traumatic event or unusual strain identifiable by time and place of occurrence…during a single work shift."

24. Missouri workers' compensation law defines a compensable "injury" as one that has arisen out of and in the course of employment." R.S.Mo. § 287.020.3.

25. An injury occurs out of the course and scope of employment only if it was the prevailing factor *and* did not come from a hazard or risk "which workers would have been equally exposed outside of and unrelated to the employment in normal nonemployment life." *Id.*

26. Plaintiff's Petition does not specify an alleged injury other than "contracting COVID-19" and does not allege that he contracted COVID-19 while working for LCCA.[9] Plaintiff's Petition is devoid of any allegations that would suggest he contracted COVID-19 at work; it is just as likely that he contracted it elsewhere. The Petition also fails to illustrate – and thus fails to plead a valid workers' compensation discrimination claim – that his injury was the "prevailing factor" in causing the resulting medical condition and disability. *Id.*

---

[8] As noted *supra*, United Medical Investors Limited Partnership is not the employer of Plaintiff.
[9] *See* Plaintiff's Petition for Damages, ¶ 60.

7

27. Finally, Missouri law prohibits a workers' compensation claim for any contagious or infectious disease contracted during the course of employment.

> The terms "injury" and "personal injuries" shall mean violence to the physical structure of the body and to the personal property which is used to make up the physical structure of the body, such as artificial dentures, artificial limbs, glass eyes, eyeglasses, and other prostheses which are placed in or on the body to replace the physical structure and such disease or infection as naturally results therefrom. These terms **shall in no case** except as specifically provided in this chapter **be construed to include occupational disease in any form, nor shall they be construed to include any contagious or infectious disease contracted during the course of the employment,** nor shall they include death due to natural causes occurring while the worker is at work.

R.S.Mo. 287.020.3(5). (Emphasis added).

28. Plaintiff's workers' compensation claim was fraudulently pled because Missouri law precludes a claim for workers' compensation for contagious or infectious disease contracted during the course of employment. R.S.Mo. § 287.020.3; s*ee White v. Union Pac. R.R. Co.*, No. 19-cv-00080, 2019 WL 3400716, at *1 (W.D. Mo. July 26, 2019) (quoting *Farmers' Bank & Tr. Co. of Hardinsburg, Ky. v. Atchison, T. & S.F. Ry. Co.*, 25 F.2d 23, 29 (8th Cir. 1928)).

29. Even if such a claim existed, Plaintiff failed to illustrate that he suffered an injury that was the result of an accident at work, such that he would be protected under Missouri workers' compensation law. Plaintiff's claim for workers' compensation discrimination should therefore not be used as a basis to preclude removal.

### DIVERSITY JURISDICTION EXISTS AND REMOVAL IS PROPER

30. Pursuant to 28 U.S.C. § 1332(a) & (c), this Court has original jurisdiction over this action in that Plaintiff and Defendant are citizens of different states, Defendant's general and limited partners are citizens of states that are different from Plaintiff's state of residence, Plaintiff and soon-to-be Defendant LCCA are citizens of different states, and the matter or amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8

31. Because LCCA is a citizen of the state of Tennessee[10], this case is properly removable under 28 U.S.C. § 1442(b)(2).

32. The Circuit Court of Jackson County, Missouri at Independence is within the area embraced by the United States District Court for Western District of Missouri, so this Court is the proper place for this Notice of Removal under 28 U.S.C. § 1441(a) & 1446(a).

33. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1) because it was filed within 30 days of service by the Defendant of a copy of the initial pleading setting for the claim for relief.

34. Promptly upon filing this Notice of Removal, Defendant United Medical Investors Limited Partnership will file a copy of the Notice of Removal with the Clerk of the Circuit Court of Jackson County, Missouri at Independence and will notify counsel for Plaintiff of the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d).

35. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11, as required under 28 U.S.C. § 1446(a).

WHEREFORE, having fulfilled the statutory requirements for removal of this action, Defendant United Medical Investors Limited Partnership requests this Court accept jurisdiction of this action.

---

[10] Defendant United Medical Investors Limited Partnership's general and limited partners are also citizens of the State of Tennessee, though it does not matter based on the stipulation of the parties.

9

Case 4:22-cv-00060-DGK   Document 1   Filed 01/27/22   Page 9 of 10

Respectfully submitted,

Sanders Warren Russell & Scheer LLP

*/s/ Sean M. Sturdivan*
Sean M. Sturdivan    MO Bar No. 56234
Kaitlin Marsh-Blake   MO Bar No. 66063
Compass Corporate Centre
11225 College Boulevard, Suite 450
Overland Park, Kansas 66210
Phone: (913) 234-6100
Facsimile: (913) 234-6199
Email: s.sturdivan@swrsllp.com
Email: k.marsh-blake@swrsllp.com
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of January, 2022, the foregoing was filed with the Clerk of the Court using the CM/ECF system. In addition, a copy of the foregoing was served via electronic mail upon:

David A. Lunceford
Rachel Rutter
D'Vante Lewis
Lunceford Law Firm, LLC
201 SE 1st Street
Lee's Summit, Missouri 64063
Phone: (816) 525-4701
Facsimile: (816) 347-0366
Email: LLF.DLunceford@gmail.com
**ATTORNEYS FOR PLAINTIFF**

*/s/ Sean M. Sturdivan*
**ATTORNEY**