**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE**

| | | |
|---|---|---|
| WESLY TY PAGE, | ) | |
| | ) | |
| 1604 NE Ball Drive | ) | |
| Lee's Summit, MO 64806 | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | |
| LIFE CARE CENTER OF GRANDVIEW, | ) | **JURY TRIAL DEMANDED** |
| SERVE: REGISTERED AGENT | ) | |
| 6301 E. 125TH ST. | ) | |
| GRANDVIEW, MO 64030 | ) | Service by Private Process Server |
| | ) | |
| and | ) | |
| | ) | |
| UNITED MEDICAL INVESTORS | ) | |
| LIMITED PARTNERSHIP, INC. | ) | |
| d/b/a LIFE CARE CENTER OF | ) | |
| GRANDVIEW | ) | |
| Serve: Registered Agent | ) | |
| CSC Lawyers Incorporating Service | ) | |
| Company | ) | |
| 221 Bolivar Street | ) | |
| Jefferson City, MO 65101 | ) | |
| | ) | Service by Cole County Sheriff |
| Defendants. | ) | |

**PETITION FOR DAMAGES**

COMES NOW Plaintiff, Wesley Page, by and through undersigned counsel, states the following as his Petition for Damages:

1.      Plaintiff is, and at all relevant times was, an individual residing in Lee's Summit, Jackson County, Missouri.

2.      Defendant Life Care Center of Grandview, whose relevant office has a primary place of business located at 6301 E. 125th St, Grandview, Missouri 64030.

1

EXHIBIT

A

3.     Defendant United Medical Investors Limited Partnership, Inc, is a foreign limited partnership, registered with the State of Missouri and conducting business within Jackson County, Missouri.

4.     At all relevant times, Defendants were and are an employer as defined by, and within the meaning of, the Missouri Human Rights Act (MHRA), MO. REV. STAT. § 213.010(7).

5.     During the time Plaintiff worked for Defendants, Defendants had more than six (6) employees.

6.     Plaintiff's causes of action are filed against Defendant pursuant to the MHRA, MO. REV. STAT. §213.010 *et seq*. (2016), which allow suits against employers.

7.     On or about February 19, 2021, Plaintiff timely filed a *Charge of Discrimination* with the Missouri Commission on Human Rights ("MCHR") in which he asserted claims of discrimination based on, age, sex, retaliation, and complained of an ongoing and continuous action by the Defendant.

8.     On or about September 24, 2021, the MCHR issued its Notice of Right to Sue and Plaintiff is filing his Petition within 90 days of his receipt of said Notice.

9.     The *Charge of Discrimination* Plaintiff filed with the MCHR alleged Defendant engaged in discriminatory actions that are being raised in this lawsuit or, alternatively, alleged conduct within the scope of the administrative investigation which could reasonably be expected to grow out of the Charge(s) of Discrimination.

10.     Pursuant to MO. REV. STAT. §§ 213.111.1, venue is proper in the Court as the allegations of discrimination arise out of Plaintiff's employment with Defendant in Jackson County, Missouri.

11. Plaintiff has fulfilled all conditions precedent to the bringing of this claim and has duly exhausted all administrative procedures and remedies with respect to his Charge of Discrimination and this lawsuit for discrimination, harassment, and retaliation prior to instituting this lawsuit in.

12. This Court has subject matter jurisdiction under Mo. Const. art. V, § 14. No federal court has subject matter jurisdiction, and Ms. Parson disclaims any relief arising under federal law. The claims here arise under state law, and this case is nonremovable because it raises a claim under a workers' compensation law. See 28 U.S.C. § 1445(c); *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238 (8th Cir. 1995).

## FACTS COMMON TO ALL COUNTS

13. Plaintiff is a male and is therefore a member of a protected class pursuant to RSMo. § 213.055.

14. Plaintiff at all relevant times herein, was between the ages of 40 and 70, and is therefore a member of a protected class pursuant to RSMo. § 213.055.

15. Plaintiff was employed with Defendant for seven years at Grandview location before leaving for another employment opportunity.

16. Plaintiff did not have any write ups, nor disciplinary issues during his first seven years working with defendant.

17. In 2018, Plaintiff was rehired at Defendants' Grandview location.

18. Plaintiff's first disciplinary write up was issued after Regional Vice President, Julie Collins ("Collins") began working for Defendant.

19. Collins is a woman that is substantially younger than the Plaintiff.

20. Collins discriminated against Plaintiff because of his age and his race.

21.     Collins deliberately and intentionally mandated that a black person be promoted to Executive Director because Grandview has a large black population.

22.     Plaintiff was the most qualified candidate for the Executive Director position.

23.     In or about 2020, Collins began discriminating against Plaintiff by failing to acknowledge, extend pleasantries to or greet Plaintiff, despite acknowledging and extending greetings and pleasantries to every other employee.

24.     Plaintiff was audited by the State of Missouri on eight occasions in 2020. Plaintiff passed each and every audit.

25.     Plaintiff was replaced by an African American female who is younger than Plaintiff.

26.     At all times relevant herein, Plaintiff's work was scrutinized and nitpicked more than African-American and younger, female employees.

27.     At all times relevant herein, Diane Morgan ("Morgan") was Defendants' Director of Nursing.

28.     Plaintiff's work was scrutinized and nitpicked more than Morgan's.

29.     Morgan was put on a performance improvement plan ("PIP") several days before Plaintiff was put on a PIP.

30.     Despite being placed on a PIP prior to Plaintiff, Morgan was taken off the PIP without being held to the same expectations as Plaintiff.

31.     Morgan is a female.

32.     Morgan was given a $10,000 raise and Plaintiff was not.

33.     Plaintiff was subjected to stricter performance expectations than his female co-workers.

4

34.     This aforementioned unfair treatment is demonstrated by text and email communication between Morgan, Collins, and other management staff.

35.     Morgan has acknowledged this unfair treatment towards Plaintiff, even going as far as to tell Plaintiff that she has management "licking her ass".

36.     To Plaintiff's knowledge, Morgan PIP was rescinded, and she was not subject to additional training.

37.     Collins recruited Morgan to spy on Plaintiff.

38.     Collins and Morgan communicated the aforementioned spying through email and text communications.

39.     At all relevant times herein, Plaintiff was held to a different standard than other Executive directors.

40.     At all relevant times herein, Carl Wright ("Wright") was the Regional Clinician for Defendant.

41.     Wright has not been Plaintiff's supervisor, nor in Plaintiff's management chain.

42.     Despite lacking knowledge of Plaintiff's job duties, Wright gave Plaintiff a verbal warning.

43.     Wright gave Plaintiff and Morgan a verbal written related to infection control.

44.     Plaintiff passed the infection controls audits with the State of Missouri.

45.     Plaintiff was unfairly written up for not having employees wear their masks properly, despite having passed eight audits that reviewed his ability to perform this task.

46.     Plaintiff was written up for alleged violations of "Labor hours."

47.     Said write up was unfair because there was a shortage of nurses at the time (during the COVID-19 outbreak).

48.     Due to the shortage of nurses, Defendant had to use agency labor equipment, which increased Plaintiff's labor numbers.

49.     The aforementioned shortage of nurses resulted in Plaintiff using numerous old-fashioned lifts that required two staff members to lift patients.

50.     Plaintiff's labor numbers were unfairly scrutinized given the circumstances caused by the COVID-19 global pandemic.

51.     Plaintiff was held to an unfair standard that other younger employees were not.

52.     Plaintiff was held to said unfair standard based on his race.

53.     Defendants' discriminatory conduct forced Plaintiff to make the choice between maintaining his labor numbers and transporting patients safely.

54.     The aforementioned shortage of nurses caused Plaintiff labor numbers to increase.

55.     Despite labor number increases, Plaintiff's labor numbers were similar to the other 9 Missouri homes owned by Defendant.

56.     Plaintiff was written up for the aforementioned "labor hour" violations.

57.     Plaintiff was written up for the aforementioned labor hours despite the shortage of nurses and updated equipment.

58.     Plaintiff was written up for not having rounds in the facility.

59.     Plaintiff believes this write up was unfair because Plaintiff arrived at 6:00am and observed three shifts every day.

60.     Shortly thereafter, Plaintiff contracted COVID.

61.     Plaintiff was written up for not forming a recognition committee, despite Plaintiff's battle with COVID and shortage of nurses.

62.     Defendant failed to accommodate Plaintiff's COVID diagnosis.

6

63. From November 2020 through February 2021, Defendant's work environment became hostile.

64. Defendants' supervisor and Human resources would frequently show up to Plaintiff's work locations unannounced.

65. Defendants' supervisors and Human resources do not show up on other younger employees unannounced.

66. Defendants' supervisors and Human resources showed up to Plaintiff work locations unannounced based on his race.

67. On or about February 2, 2021, Plaintiff received a call from the State Board of Nursing, stating that Defendants' applied for an emergency change of license to take effect February 8, 2021.

68. Plaintiff knew that Defendants were going to fire him on February 8, 2021, therefore Plaintiff resigned.

69. Plaintiff was subject to Defendants' creating a hostile work environment, which caused his constructive termination.

70. Defendants' harassed Plaintiff, discriminated against Plaintiff, treated Plaintiff differently than his co-workers, created a hostile work environment, and/or retaliated against Plaintiff, by including, but not limited to, the following ways:

    a. Giving verbal warning by the Regional Clinician Wright ("Wright");

    b. Discriminating based on Plaintiff's age and race as described herein;

    c. Assuring that a black person was given Executive Director position over Plaintiff;

    d. Subjecting Plaintiff to several audits;

7

e.  Subjecting Plaintiff to work with a shortened staff;

f.  Subjecting Plaintiff to work with insufficient and outdated equipment;

g.  Unfair write up of Plaintiff, due to deficiencies caused by Defendant;

h.  Subjecting Plaintiff to a hostile work environment;

i.  Treating Plaintiff differently than other younger female employees;

j.  Placing Plaintiff on a PIP while other employees PIPs were rescinded;

k.  Subjecting Plaintiff to higher standards than his similarly situated African American, female co-workers;

l.  Allowing employees that are not in Plaintiff's management chain to write up Plaintiff;

m.  Treating women more favorably than Plaintiff.

71.  The basis for Plaintiff's replacement was that an African American female who was younger than Plaintiff was giving the job.

72.  Plaintiff reported acts of discrimination to Human Resources several times and no corrective action was taken to stop the discrimination.

73.  Defendant ignored Plaintiff's complaints of mistreatment, harassment, discrimination, and/or retaliation.

74.  Defendant failed to take action to end discrimination and retaliation in workplace, which resulted in Plaintiff's termination.

75.  Any cap or limitation on Plaintiff's damages that may be imposed by RSMO § 213.111.4 (2017) is unconstitutional in that it violates Plaintiff's right to trial by jury, Mo. Const. Art. I, § 22(a); separation of powers, Mo. Const. Art. II § 1l; the right to equal protection, Mo.

Const. Art. I, § 2; the prohibition on special legislation, Mo. Const., Art III, § 40; and the right to due process. Mo. Const. Art. § 10.

## COUNT I

## <u>DISCRIMINATION BASED ON AGE IN VIOLATION OF THE MHRA</u>

76.     Plaintiff incorporates all paragraphs of this Petition as if set forth fully herein.

77.     Plaintiff, as is, an employee between the ages of 40 and 70 at all times relevant herein, was a member of a protected class within the meaning of the MHRA.

78.     Defendant illegally discriminated against Plaintiff on the basis of age by, including, but not limited to the following:

        a.   Replacing Plaintiffs job with younger employees

        b.   Scrutinizing Plaintiff's work more than other younger employees

79.     Defendant knew or should have known of the discrimination, harassment, and/or that Plaintiff was being treated differently than his co-workers because of Plaintiff's age.

80.     Defendant's conduct towards or concerning Plaintiff represents a pattern and practice by Defendant of discriminating, harassing, and/or treating employees differently because of their age.

81.     Defendant's actions and/or inactions as alleged herein constitute unlawful employment discrimination against Plaintiff in violation of the MHRA.

82.     Defendant subjected Plaintiff to discrimination, harassment, and/or treated Plaintiff differently than her younger co-workers on a continuous and/or ongoing basis

83.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer, damages including past and future lost wages and

9

benefits, a detrimental job record, career damage and diminished career potential, garden variety mental and emotional distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, and loss of sleep, pain and suffering, and other nonpecuniary losses. Plaintiff is entitled to other appropriate equitable relief.

84. Defendant's conduct was intentional, malicious, and/or outrageous and evidenced an evil motive, complete indifference to, or conscious disregard for the rights of Plaintiff and others similarly situated, thereby entitling Plaintiff to an award of punitive damages.

85. Plaintiff entitled to recover all cost, expenses, expert witness fees, and attorneys' fees incurred in this matter as well as other appropriate equitable relief. Additionally, any cap or limitation of Plaintiff's damages that may be imposed by MO. REV. STAT. § 213.111.4 is unconstitutional in that it violates Plaintiff's right to trial by jury. MO. Const. Art. 1, § 2; the prohibition on special legislation, MO. Const., Art III, § 40; and the right to due process. Mo. Const. Art § 10.

**WHEREFORE,** Plaintiff prays for Judgment against Defendant, finding the acts and practices of the Defendant violated MO. REV. STAT. § 213.010 *et seq*., (2016); for actual, compensatory, and punitive damages, all costs, expenses, expert witness fees, and attorneys' fees incurred herein; prejudgment and post judgment interest at the highest lawful rate; appropriate equitable relief including, but not limited to, requiring Defendant to place Plaintiff in the same position he would have been absent

the illegal discrimination, and for such other and further relief as the Court deems just and proper.

## COUNT II

### DISCRIMINATION BASED ON SEX IN VIOLATION OF THE MHRA

86. Plaintiff incorporates all paragraphs of this Petition as if fully set forth herein.

87. Plaintiff, as a male, is a member of a protected class within the meaning of MHRA, Mo. Rev. Stat. § 213.055.1.

88. Plaintiff's gender, male, contributed to Defendant's decision to discriminate against Plaintiff as described herein.

89. Defendant's conduct towards or concerning Plaintiff represents a pattern and practice by Defendant of discriminating against employees on the basis of their sex.

90. Defendant's actions and/or inactions as alleged herein constitute unlawful employment discrimination against Plaintiff in violation of the MHRA.

91. Defendant's actions and/or inactions occurred by and/or through its agents, servants, and/or employees acting within the course and scope of employment.

92. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer, damages including past and future lost wages and benefits; a detrimental job record; career damage and diminished career potential; garden-variety mental and emotional distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, and loss of sleep; pain and suffering; and other nonpecuniary losses. Plaintiff is also entitled to other appropriate equitable relief.

11

93. Defendant's conduct was intentional, malicious, and/or outrageous and evidenced an evil motive, complete indifference to, or conscious disregard for, the rights of Plaintiff and others similarly situated, thereby entitling Plaintiff to an award of punitive damages.

94. Plaintiff is entitled to recover all costs, expenses, expert witness fees, and attorneys' fees incurred in this matter as well as other appropriate equitable relief.

**WHEREFORE,** Plaintiff prays for Judgment against Defendant's, finding the acts and practices of Defendant violated MO. REV. STAT. § 213.010 *et seq.,* (2016); for actual, compensatory, and punitive damages; all costs, expenses, expert witness fees, and attorneys' fees incurred herein; prejudgment and post-judgment interest at the highest lawful rate; appropriate equitable relief including, but not limited to, requiring Defendant to place Plaintiff in the same position he would have been absent the illegal discrimination; and for such other and further relief as the Court deems just and proper.

## COUNT III

## ILLEGAL RETALIATION IN VIOLATION OF THE MHRA

95. Plaintiff incorporates by reference all paragraphs of this Petition as if set forth fully herein.

96. During her employment, Plaintiff complained to Defendant and objected to and/or opposed the discrimination, harassment, and/or the hostile work environment by, among other things, complaining to Defendant County's Human Resources, and/or by filing a complaint with the MCHR.

12

97. Plaintiff's internal complaints to Defendant about discrimination, harassment, and/or a hostile work environment are protected activities under the MHRA.

98. Plaintiff's filing of a complaint with the MCHR is a protected activity under the MHRA.

99. In retaliation for Plaintiff's complaints of discrimination, harassment, and/or a hostile work environment, the terms, conditions, and privileges of Plaintiff's employment were affected as described herein.

100. In retaliation for Plaintiff's complaints of discrimination, harassment, and/or a hostile work environment, Defendant failed to take any remedial action with regard to Plaintiff's complaints about, opposition to, and/or objections to discrimination, harassment, and/or a hostile work environment.

101. Plaintiff's complaints of discrimination were a motivating factor in Defendant's decision to deny Plaintiff training, take other actions against Plaintiff as described herein, and/or to not investigate Plaintiff's complaints.

102. Defendant failed to take prompt and effective remedial action with regard to Plaintiff's complaints.

103. Defendant's actions and/or inactions constitute unlawful retaliation against Plaintiff in violation of the MHRA, Mo. Rev. Stat. § 213.055.

104. Defendant's actions and/or inactions occurred by and/or through its agents, servants, or employees acting within the course and scope of employment.

105. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer, including damages past and future lost wages and benefits; a detrimental job record; career damage and diminished career potential;

13

garden-variety mental and emotional distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, and loss of sleep; pain and suffering; and other nonpecuniary losses. Plaintiff is also entitled to other appropriate equitable relief.

106.   Defendant's conduct was intentional, malicious, and/or outrageous and evidenced an evil motive, complete indifference to, or conscious disregard for, the rights of Plaintiff and others similarly situated, thereby entitling Plaintiff to an award of punitive damages.

107.   Plaintiff is entitled to recover all costs, expenses, expert witness fees, and attorneys' fees incurred in this matter as well as other appropriate equitable relief.

108.   Any cap or limitation on Plaintiff's damages that may be imposed by RSMo. § 213.111.4 (2017) is unconstitutional in that it violates Plaintiff's right to trial by jury. Mo. Const. art. I, 22(a); separation of powers, Mo. Const. art. II § 11; the right to equal protection, Mo. Const. art. I, § 2, the prohibition on special legislation, Mo. Const. art III, § 40; and the right to due process. Mo. Const. art. § 10.

**WHEREFORE**, Plaintiff prays for Judgement against Defendant, finding the acts and practices of the Defendant violated MO. REV. STAT. § 213.010 *et seq.,* (2017); for actual, compensatory, and punitive damages; all costs, expenses, expert witness fees, and attorneys' fees incurred herein; prejudgment and post-judgment interest at the highest lawful rate; appropriate equitable relief including, but not limited to, requiring Defendant to place Plaintiff in the same position he would have been absent the illegal discrimination, and/or front pay; and for such other and further relief as the Court deems just and proper.

14

**ILLEGAL RACE DISCRIMINATION IN VIOLATION OF THE MHRA**

109.   Plaintiff incorporates by reference all allegations of this Petition as if set forth fully herein.

110.   Plaintiff's race was a contributing factor in Defendant's discriminatory actions, inactions, decisions, and/or conduct as alleged herein.

111.   Defendant's discriminatory actions, inactions, decision, and/or conduct affected the terms, conditions, and privileges of Plaintiff's employment as described herein.

112.   Defendant's discriminatory actions, inactions, decisions, and/or conduct constitute unlawful employment discrimination against Plaintiff in violation of the MHRA.

113.   Defendant knew or should have known of the discrimination against Plaintiff based on Plaintiff's race.

114.   Defendant's actions and/or inactions occurred by and/or through its agents, servants, and/or employees acting within the course and scope of their employment.

115.   As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer, damages including past and future lost wages and benefits, a detrimental job record; career damage and diminished career potential garden- variety mental and emotional distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, and loss of sleep, pain and suffering, and other nonpecuniary losses. Plaintiff is also entitled to other appropriate equitable relief.

116.   Defendant's conduct was intentional, malicious, and/or outrageous and evidenced an evil motive, complete indifference to, or conscious disregard for, the rights of

Plaintiff and others similarly situated, thereby entitling Plaintiff to an award of punitive damages.

117. **WHEREFORE**, Plaintiff prays for Judgement against Defendant, finding the acts and practices of the Defendant violated MO. REV. STAT. § 213.010 *et seq.*, (2017); for actual, compensatory, and punitive damages; all costs, expenses, expert witness fees, and attorneys' fees incurred herein; prejudgment and post-judgment interest at the highest lawful rate; appropriate equitable relief including, but not limited to, requiring Defendant to place Plaintiff in the same position he would have been absent the illegal discrimination, and/or front pay; and for such other and further relief as the Court deems just and proper.

## COUNT V

## HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE MHRA

118. Plaintiff incorporates by reference all allegations of this Petition as if set forth fully herein.

119. Defendant retaliated against Plaintiff, as alleged herein, once Plaintiff complained to Defendant about discrimination and/or harassment.

120. Plaintiff is a member of at least one protected group within the meaning of the MHRS based on:

    a. Plaintiff's race;

    b. Plaintiff sex;

    c. Plaintiff's disability, perceived disability, and/or record of disability; and/or

    d. Plaintiff's complaints of discrimination and/or harassment.

121. Plaintiff was subjected to discrimination and/or harassment based on:

16

      a. Plaintiff's race;

      b. Plaintiff's sex;

      c. Plaintiff's disability, perceived disability, and/or record of a disability; and/or

      d. Plaintiff's complaints of discrimination and/or harassment.

122.    The following contributed to the discrimination and/or harassment as alleged herein:

      a. Plaintiff's race;

      b. Plaintiff's sex;

      c. Plaintiff's disability, perceived disability, and/or record of a disability; and/or

      d. Plaintiff's complaints of discrimination and/or harassment.

123.    Defendant subjected Plaintiff to the harassment, discrimination, and/or retaliation, as alleged herein on a continuous and/or ongoing basis

124.    The discrimination, harassment, and/or retaliation to which Plaintiff was subjected affected the terms, conditions, and or privileges of Plaintiff's employment.

125.    The discrimination, harassment, and/or retaliation to which Plaintiff was subjected created a hostile work environment

126.    The harassment, discrimination, retaliation, and/or hostile working environment substantially interfered with Plaintiff's work performance

127.    Defendant knew, or should have known of the discrimination, harassment, retaliation, and/or the hostile work environment to which Plaintiff was subjected.

17

128. Defendant failed to implement prompt and effective remedial action when it knew or should have known of the discrimination, harassment, retaliation, and/ or hostile work environment to which Plaintiff was subjected

129. Defendant's action and/or inactions constitute unlawful employment discrimination against Plaintiff in violation of the MHRA

130. Defendant's actions and/or inactions occurred by and/or through its agents, servants, and/or employees acting within the course and scope of employment.

131. As a direct and proximate result of Defendant's unlawful conduct. Plaintiff has suffered and will continue to suffer damages including past and future lost wages and benefits, a detrimental job record, career damage and diminished career potential, garden variety mental and emotional distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, and loss of sleep, pain and suffering and other nonpecuniary losses. Plaintiff is also entitled to other appropriate equitable relief.

132. Defendant's conduct was intentional, malicious, and/or outrageous and evidenced an evil motive, complete indifference to, or conscious disregard for, the rights of Plaintiff and other similarly situated, thereby entitling Plaintiff to an award of punitive damages.

133. Plaintiff is entitled to recover all cost, expenses, expert witness fees, and attorneys' fees incurred in this matter as well as other appropriate equitable relief.

134. **WHEREFORE**, Plaintiff prays for Judgement against Defendant, finding the acts and practices of the Defendant violated MO. REV. STAT. § 213.010 *et seq.,* (2017); for actual, compensatory, and punitive damages; all costs, expenses, expert witness fees, and attorneys' fees incurred herein; prejudgment and post-judgment interest at the highest lawful rate; appropriate equitable relief including, but not limited to, requiring

Defendant to place Plaintiff in the same position he would have been absent the illegal discrimination, and/or front pay; and for such other and further relief as the Court deems just and proper.

## COUNT VI

### DISCRIMINATION FOR WORKERS' COMPENSATION RIGHTS, RSMo. 287.780

135. Plaintiff incorporates each and every paragraph of this Petition as if set forth fully herein.

136. Plaintiff was an employee within the meaning of the Workers' Compensation Law, RSMo Chapter 287.

137. Defendant was an employer within the meaning of the Workers' Compensation Laws.

138. The Missouri Workers' Compensation Law, RSMo Chapter 287, gives employees the right to report on-the-job injuries, to be relieved from work while seeking medical treatment, and to seek emergency and employer-covered medical treatment, among other rights.

139. Plaintiff exercised his rights granted by the Workers' Compensation Law in that he reported a workplace injury (contracting COVID-19) and was absent from work while seeking treatment for that injury.

140. Defendant discriminated against Plaintiff, ultimately ending his employment.

141. Plaintiff's protected actions were a motivating factor in Defendant conduct.

142. Plaintiff has suffered damages on account of this discrimination.

143. Defendant acted with reckless disregard of Plaintiff's rights, justifying and aware of punitive damages.

19

144.    Plaintiff respectfully prays that this Court adjudge Defendants liable for

discrimination for exercise of workers' compensation rights, and grant all relief

allowed under the law, as set forth in this Petition.


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on issues herein.


Respectfully submitted,

LUNCEFORD LAW FIRM, LLC

by:     /s/ David A. Lunceford
        David A. Lunceford, MO #47014
        Rachel Rutter, MO #69313
        D'Vante Lewis, MO #74057
        201 SE 1st Street
        Lee's Summit, Missouri 64063
        Telephone: (816) 525-4701
        Facsimile: (816) 347-0366
        Email: LLF.DLunceford@gmail.com
        ATTORNEY FOR PLAINTIFF

Case 4:22-cv-00060-DGK   Document 1-1   Filed 01/27/22   Page 21 of 45

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
☐ AT KANSAS CITY　　☐ AT INDEPENDENCE

RE:　　**WESLEY T PAGE V LIFE CARE CENTER OF GRANDVIEW**
**CASE NO:　　2116-CV27478**

TO:　　**DAVID ANDREW LUNCEFORD**
　　　　**LUNCEFORD LAW FIRM LLC**
　　　　**201 SE 1ST STREET**
　　　　**LEES SUMMIT, MO  64063**

We have received pleadings, which you submitted for filing in the case and they have been file-stamped on _____.
However, your pleading cannot be processed further until the following action is taken:

**RULE 3.2 - STYLE**
☐ Additional service instructions are needed.
☐ Incorrect case number/filed in wrong county.
☐ Document is unreadable.

**RULE 4.2 (2)**
☐ Need Circuit Court Form 4

**RULE 5.6 – COLLECTIONS OF DEPOSIT**
☐ No fee, or incorrect fee, received; fee required is $_____.
☐ Insufficient Filing Fee; Please Remit $_____
☐ No signature on check/form 1695.
☐ No request to proceed in forma pauperis.
☐ No personal checks accepted.

**RULE 68.1**
☐ Need Circuit Court Form 17

**RULE 68.7 – VITAL STATISTICS REPORT**
☐ Need Certificate of dissolution of marriage form.

**RULE 74.14 SUPREME CT – FOREIGN JUDGMENT**
☐ Authentication of foreign judgment required.
☐ Affidavit pursuant to Supreme Court Rule 74.14

**RULE 54.12  SERVICE IN REM OR QUASI IN REM ACTIONS**
☐ Affidavit for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Order for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Notice for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Affidavit for Service by Certified/Registered Mail pursuant to Supreme Court Rule 54.12b.

☒ **OTHER:　Please file a motion and order for private process then will issue summons.**
☐ Please take the actions necessary to comply with the Circuit Court Rules and your request will be processed.
☐ The private process server listed is not on our approved list.
☐ Execution in effect. Return date _____. Request may be resubmitted within one week prior to return date.
☐ Supreme Court Rule 90.13 requires interrogatories be served with summons of garnishment.

**If the filing was a new case, please be advised that unless the additional information marked is received within 30 days of the date of this notice this case will be dismissed pursuant to Rule 37.4 for failure to prosecute without prejudice, at the Plaintiff's cost.  Collection efforts will be pursued for these costs.**

**Please refer to the Court's website at www.16thcircuit.org for Court Rules or Forms.**

Copies electronic noticed, faxed, emailed and/or mailed DECEMBER 20, 2021 to:

COURT ADMINISTRATOR'S OFFICE
**DEPARTMENT OF CIVIL RECORDS**
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

<table>
<tr><td>_____<br>DECEMBER 20, 2021<br>Date</td><td>By _____<br>Deputy Court Administrator</td></tr>
</table>

☐ 415 East 12th St., Kansas City, Missouri 64106
☒ 308 W. Kansas, Independence, Missouri 64050

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

WESLEY TY PAGE,

|                          |                          |
|--------------------------|--------------------------|
|          PLAINTIFF(S),   | CASE NO.  2116-CV27478   |
| VS.                      | DIVISION 5               |

LIFE CARE CENTER OF GRANDVIEW,

DEFENDANT(S).

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION

NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **JAMES FRANCIS KANATZAR** on **15-APR-2022** in **DIVISION 5** at **08:30 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

At the Case Management Conference, counsel should be prepared to address at least the following:

|     |                                                          |
|-----|----------------------------------------------------------|
| a.  | A trial setting;                                         |
| b.  | Expert Witness Disclosure Cutoff Date;                   |
| c.  | A schedule for the orderly preparation of the case for trial; |
| d.  | Any issues which require input or action by the Court;   |
| e.  | The status of settlement negotiations.                   |

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.


/S/ JAMES FRANCIS KANATZAR
JAMES FRANCIS KANATZAR, **Circuit Judge**


Certificate of Service

This is to certify that a copy of the foregoing was electronic noticed, faxed, emailed and/or mailed or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
DAVID ANDREW LUNCEFORD, LUNCEFORD LAW FIRM LLC, 201 SE 1ST STREET, LEES SUMMIT, MO 64063

Defendant(s):
LIFE CARE CENTER OF GRANDVIEW
UNITED MEDICAL INVESTORS LIMITED PARTNERSHIP INC

Dated: 20-DEC-2021                           MARY A. MARQUEZ
                                             Court Administrator

# LUNCEFORD LAW FIRM, LLC

201 SE 1st Street
LEE'S SUMMIT, MISSOURI 64063
Phone: (816) 525-4701
Facsimile: (816) 347-0366

DAVID A. LUNCEFORD
Owner/Partner
llf.dlunceford@gmail.com

December 20, 2021

**SENT VIA CASE.NET**

Jackson County Circuit Court
Civil Records
Independence, Missouri

     Re: Filing Fee; Case No. 2116-CV27478; Wesley Ty Page v. Life Care Center of
         Grandview

Dear Clerk,

     Upon filing this case, we underpaid the filing fee by $.50. We have now paid that

additional amount.

     Thank you for your assistance.

                        Respectfully,

                        */s/ David A. Lunceford*
                        David A. Lunceford
                        Attorney

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

☐ AT KANSAS CITY     ☒ AT INDEPENDENCE

_Ty Wesly Page_
_____

VS.

_Life Care Center of Glandview_
_____

NO. _2116- CV27478_

☒ CIRCUIT JUDGE
☐ ASSOCIATE CIRCUIT JUDGE
☐ SMALL CLAIMS

## MEMORANDUM TO DEPARTMENT OF CIVIL RECORDS
### INSTRUCTIONS FOR ALIAS SUMMONS

☒ **PRIVATE PROCESS**     ☐ **CIVIL PROCESS**

☒ ISSUE ALIAS SUMMONS TO DEFENDANT

_Registered Agent_
_6301 East 125th Street_
_Grandview, MO 64030_
_Jackson_
COUNTY OF SERVICE

CASE CONTINUED TO: _____

☐ PREPARE TRANSCRIPT OF JUDGMENT

☐ AUTHENTICATED ☐ CERTIFIED ☐ RECORD AS LIEN
☐ W/LETTER

## REQUESTED BY

_David Lunceford 47814_
NAME OF ☐ CREDITOR ☐ ATTORNEY & BAR NO.
_201 SE 1st Street_
ADDRESS
_Lee's Summit, MO 64063_
CITY     STATE     ZIP

_____
SIGNATURE
_816-525-4701_
PHONE
_12-20-2021_
DATE

## Please Provide Original & Copy

CIRCT 1699 - 4/98

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

☐ AT KANSAS CITY    ☒ AT INDEPENDENCE

RE:    **WESLEY T PAGE V LIFE CARE CENTER OF GRANDVIEW**
**CASE NO:**    **2116-CV27478**

TO:    **DAVID ANDREW LUNCEFORD**
       **LUNCEFORD LAW FIRM LLC**
       **201 SE 1ST STREET**
       **LEES SUMMIT, MO 64063**

We have received pleadings, which you submitted for filing in the case and they have been file-stamped on __12-20-2021_____. However, your pleading cannot be processed further until the following action is taken:

**RULE 3.2 - STYLE**
☐ Additional service instructions are needed.
☐ Incorrect case number/filed in wrong county.
☐ Document is unreadable.

**RULE 4.2 (2)**
☐ Need Circuit Court Form 4

**RULE 5.6 – COLLECTIONS OF DEPOSIT**
☐ No fee, or incorrect fee, received; fee required is $_____.
☐ Insufficient Filing Fee; Please Remit $_____
☐ No signature on check/form 1695.
☐ No request to proceed in forma pauperis.
☐ No personal checks accepted.

**RULE 68.1**
☐ Need Circuit Court Form 17

**RULE 68.7 – VITAL STATISTICS REPORT**
☐ Need Certificate of dissolution of marriage form.

**RULE 74.14 SUPREME CT – FOREIGN JUDGMENT**
☐ Authentication of foreign judgment required.
☐ Affidavit pursuant to Supreme Court Rule 74.14

**RULE 54.12 SERVICE IN REM OR QUASI IN REM ACTIONS**
☐ Affidavit for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Order for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Notice for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Affidavit for Service by Certified/Registered Mail pursuant to Supreme Court Rule 54.12b.

☒ **OTHER:**    **Please file additional .50 cents the filing fee is $112.50 once receive will finish processing your case.**
☐ Please take the actions necessary to comply with the Circuit Court Rules and your request will be processed.
☐ The private process server listed is not on our approved list.
☐ Execution in effect. Return date _____. Request may be resubmitted within one week prior to return date.
☐ Supreme Court Rule 90.13 requires interrogatories be served with summons of garnishment.

**<u>If the filing was a new case, please be advised that unless the additional information marked is received within 30 days of the date of this notice this case will be dismissed pursuant to Rule 37.4 for failure to prosecute without prejudice, at the Plaintiff's cost. Collection efforts will be pursued for these costs.</u>**

**Please refer to the Court's website at www.16thcircuit.org for Court Rules or Forms.**

Copies electronic noticed, faxed, emailed and/or mailed DECEMBER 20, 2021 to:

COURT ADMINISTRATOR'S OFFICE
**DEPARTMENT OF CIVIL RECORDS**
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

__DECEMBER 20, 2021__      By __*Teresa Morales*_____
Date

Deputy Court Administrator
☐ 415 East 12th St., Kansas City, Missouri 64106
☒ 308 W. Kansas, Independence, Missouri 64050

IN THE CIRCUIT COURT OF JACKSON COUNTY AT KANSAS CITY, INDEPENDENCE

WESLEY TY PAGE               )
1604 NE BALL DRIVE       )   Case No:
LEE'S SUMMIT MO 64806  )
                       )   Division:
                       )
V.                      )
                       )
LIFE CARE CENTER OF GRANDVIEW  )
SERVE: REGISTERED AGENT 6301 E. 125TH ST
GRANDVIEW, MO 64030

## MOTION FOR APPROVAL AND APPOINTMENT OF PRIVATE PROCESS SERVER

COMES NOW Plaintiff, by and through its attorney of record, and for its Motion for Approval/Appoint of Private Process Server, and requests that D&B Legal Services, Inc.: Legal Names (s):

| | | |
|---|---|---|
| Alisha Allen PPS21-0094 | David Garza PPS21-0134 | Jennifer Mead PPS21-0628 |
| Jamie Andrews PPS21-0022 | Bradley Gordon PPS21-0038 | Michael Meador PPS21-0058 |
| Sallie Bailey PPS21-0023 | Thomas Gorgen PPS21-0039 | Maria Meier PPS21-0059 |
| Brian Bankowski PPS21-0099 | Mason Gray PPS21-0140 | Heather Merfen PPS21-0060 |
| Dustin Becraft PPS21-0024 | Charles Gunning PPS21-0040 | Thomas Melte PPS21-0061 |
| Carrington Bell PPS21-0025 | Michael Hancock PPS21-0041 | Jill Miller PPS21-0178 |
| Miranda Bergner PPS21-0101 | James Hannah PPS21-0042 | Michael Miller PPS21-0062 |
| Steven Bergner PPS21-0026 | Rufus Harmon PPS21-0043 | Matthew Millhollin PPS21-0063 |
| Thomas Bogue PPS21-0027 | Stephen Heitz PPS21-0044 | Angela Molt PPS21-0462 |
| Mathew Bohrer PPS21-0103 | James Hise PPS21-0045 | Carlos Moreno PPS21-0181 |
| Arthur Boyer PPS21-0028 | Gerald Hissam PPS21-0621 | Jason Moody PPS21-0064 |
| Scott Brady PPS21-0029 | William Hockersmith PPS21-0046 | Andrew Myers PPS21-0629 |
| Donald Branda PPS21-0104 | Alex Holland PPS21-0622 | James Myers PPS21-0630 |
| Jeff Brown PPS21-0030 | James Johnson PPS21-0623 | Stephanie Myers PPS21-0631 |
| Hester Bryant PPS21-0614 | Mike Johnson PPS21-0047 | Christopher New PPS21-0632 |
| Randy Burrow PPS21-0107 | Tawanda Johnson PPS21-0048 | Jeremy Nicholas PPS21-0065 |
| Gary Burt PPS21-0031 | Patrick Jones PPS21-0049 | Michael Noble PPS21-0066 |
| Glen Cobb PPS21-0114 | Wendy Hilgenberg PPS21-0050 | Greg Noll PPS21-0067 |
| Norman Collins PPS21-0115 | Brent Kirkhart PPS21-0051 | Mike Perry PPS21-0633 |
| Michael Conklin PPS21-0120 | Janice Kirkhart PPS21-0052 | Robert Peters PPS21-0193 |
| Lisa Corbett PPS21-0122 | Tyler Kirkhart PPS21-0053 | Carrie Pfeifer PPS21-0068 |
| Bert Daniels PPS21-0615 | Cody Kyser PPS21-0161 | Craig Poese PPS21-0069 |
| Richard Davis PPS21-0617 | Raymond Land PPS21-0162 | Dee Powell PPS21-0070 |
| David Dice PPS21-0032 | Bert Lott PPS21-0054 | Samantha Powell PPS21-0071 |
| Maureen Dice PPS21-0033 | Frank Lundien PPS21-0168 | William Powell PPS21-0072 |
| Norman Diggs PPS21-0125 | Chad Maier PPS21-0170 | Kim Presler PPS21-0073 |
| Edwina Ditmore PPS21-0126 | Lyle Malcom PPS21-0625 | Marcus Presler PPS21-0074 |
| Marrisa Doan PPS21-0619 | Daniel Maglothin PPS21-0624 | Mark Rauss PPS21-0075 |
| William Ferrell PPS21-0034 | Kenneth Marshall PPS21-0171 | Jorge Rivera PPS21-0634 |
| Robert Finley PPS21-0035 | Deborah Martin PPS21-0055 | Sammie Robinson PPS21-0635 |
| Ramona Foster PPS21-0132 | Michael Martin PPS21-0056 | Jason Rodgers PPS21-0076 |
| James Frago PPS21-0036 | Casey McKee PPS21-0626 | Richard Roth PPS21-0077 |
| John Frago PPS21-0037 | Timothy McLeary PPS21-0057 | Edna Russell PPS21-0078 |

Juan Santos PPS21-0207
Brian Scheer PPS21-0208
Brenda Schiwitz PPS21-0079
Mark Schneider PPS21-0209
Joe Sherrod PPS21-0212
Michael Siegel PPS21-0213
Robert Simpson PPS21-0214
Laura Skinner PPS21-0080
Thomas Skinner PPS21-0081
Richard Skyles PPS21-0082

Anthony Spada PPS21-0083
Michael Stogsdill PPS21-0636
John Stotler PPS21-0220
Randy Stone PPS21-0219
Sonja Stone PPS21-0218
Stephanie Taggart PPS21-0637
David Taliaferro PPS21-0638
Michael Taylor PPS21-0639
Lucas Traugott PPS21-0223
Ryan Weekley PPS21-0084

Misty Wege PPS21-0230
Andrew Wheeler PPS21-0085
Pamela Wheetley PPS21-0086
Andrew Wickliffe PPS21-0087
Gregory Willing PPS21-0088
Conni Wilson PPS21-0089
Stan Yoder PPS21-0233
Jacqueline Young PPS21-0090
Greg Zotta PPS21-0091

who are qualified persons to serve process, are not parties to the case and are not less than eighteen (18) years of age, as private process servers in the above cause to serve process in this case.

By: _____

**ORDER**
It is hereby ordered that the Plaintiff's Motion for Approval and Appointment of private process server is granted and the above-named individuals are hereby approved and appointed to serve process in the above-captioned matter.

Date: _____     _____

Judge or Clerk



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>JAMES FRANCIS KANATZAR | Case Number: 2116-CV27478 |
|---|---|
| Plaintiff/Petitioner:<br>WESLEY TY PAGE | Plaintiff's/Petitioner's Attorney/Address<br>DAVID ANDREW LUNCEFORD<br>LUNCEFORD LAW FIRM LLC<br>201 SE 1ST STREET<br>LEES SUMMIT, MO 64063 |
| **vs.** | |
| Defendant/Respondent:<br>LIFE CARE CENTER OF GRANDVIEW | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to: LIFE CARE CENTER OF GRANDVIEW<br>Alias: | **PRIVATE PROCESS SERVER** |
|---|---|

**REGISTERED AGENT**
**6301 E 125TH ST**
**GRANDVIEW, MO 64030**

*COURT SEAL OF*

*JACKSON COUNTY*

     You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

<u>22-DEC-2021</u>
Date

_____
Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

*(Seal)*     **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____     _____
                             Date                                 Notary Public

---

**Sheriff's Fees**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 21-SMCC-11894** 1 of 1     Civil Procedure Form No. 1, Rules 54.01 – 54.05,<br>54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:22-cv-00060-DGK Document 1-1 Filed 01/27/22 Page 30 of 45

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

## AFFIDAVIT OF SERVICE

| State of Missouri | County of JACKSON | Circuit Court |
|---|---|---|

Case Number: 2116-CV27478

Plaintiff:
**WESLEY TY PAGE**

vs.

Defendant:
**LIFE CARE CENTER OF GRANDVIEW**

For:
LUNCEFORD LAW OFFICE, LLC
201 SE 1st St
Lees Summit, MO 64063

POW2021012418

Received by D & B Legal Services, Inc. on the 27th day of December, 2021 at 11:12 am to be served on **LIFE CARE CENTER OF GRANDVIEW, 6301 E 125TH ST, GRANDVIEW, MO 64030**.

I, Andrew Wickliffe PPS21-0087 / PPS22-0104, being duly sworn, depose and say that on the **28th day of December, 2021** at **11:12 am, I:**

served a **CORPORATION** by delivering a true copy of the **Summons in Civil Case, Petition for Damages, Notice of Case Management Conference for Civil Case and Order for Mediation** with the date and hour of service endorsed thereon by me, to: RON HICKS as ADMINISTRATOR for LIFE CARE CENTER OF GRANDVIEW, at the address of: 6301 E 125TH ST, GRANDVIEW, MO 64030.

I certify that I am over the age of 18 and have no interest in the above action and the foregoing statements made by me are true and correct

Subscribed and Sworn to before me on the 30th day of December, 2021

_____
NOTARY PUBLIC

8/23/23

Andrew Wickliffe PPS21-0087 / PPS22-0104
Process Server

**D & B Legal Services, Inc.**
**P.O. Box 7471**
**Overland Park, KS 66207**
**(913) 362-8110**

Our Job Serial Number: POW-2021012418

Copyright © 1992-2021 Database Services, Inc - Process Server's Toolbox V8.1w



## IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JAMES FRANCIS KANATZAR | Case Number: 2116-CV27478 |
| Plaintiff/Petitioner:<br>WESLEY TY PAGE | Plaintiff's/Petitioner's Attorney/Address<br>DAVID ANDREW LUNCEFORD<br>LUNCEFORD LAW FIRM LLC<br>201 SE 1ST STREET<br>LEES SUMMIT, MO 64063 |
| vs. | |
| Defendant/Respondent:<br>LIFE CARE CENTER OF GRANDVIEW | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| The State of Missouri to: LIFE CARE CENTER OF GRANDVIEW<br>Alias: | **PRIVATE PROCESS SERVER** |

REGISTERED AGENT
6301 E 125TH ST
GRANDVIEW, MO 64030

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

22-DEC-2021
Date

_____ Clerk

**JACKSON COUNTY**

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to
_____ (name) _____ (title).
☐ other _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

*(Seal)*   Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date

_____
Notary Public

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ | 10.00 |
| Mileage | $ _____ ( _____ miles @ $. _____ per mile) | |
| Total | $ | |

A copy of the summons and petition must be served on each defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 21-SMCC-11894   1 of 1

Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

## AFFIDAVIT OF SERVICE

State of Missouri                  County of JACKSON               Circuit Court

Case Number: 2116-CV27478

Plaintiff:
**WESLEY TY PAGE**

vs.

Defendant:
**LIFE CARE CENTER OF GRANDVIEW**

POW2021012418

For:
LUNCEFORD LAW OFFICE, LLC
201 SE 1st St
Lees Summit, MO 64063

Received by D & B Legal Services, Inc. on the 27th day of December, 2021 at 11:12 am to be served on **LIFE CARE CENTER OF GRANDVIEW, 6301 E 125TH ST, GRANDVIEW, MO 64030**.

I, Andrew Wickliffe PPS21-0087 / PPS22-0104, being duly sworn, depose and say that on the **28th day of December, 2021** at **11:12 am, I**:

served a **CORPORATION** by delivering a true copy of the **Summons in Civil Case, Petition for Damages, Notice of Case Management Conference for Civil Case and Order for Mediation** with the date and hour of service endorsed thereon by me, to: RON HICKS as ADMINISTRATOR for LIFE CARE CENTER OF GRANDVIEW, at the address of: 6301 E 125TH ST, GRANDVIEW, MO 64030.

I certify that I am over the age of 18 and have no interest in the above action and the foregoing statements made by me are true and correct.

Subscribed and Sworn to before me on the 30th day of December, 2021

_____
NOTARY PUBLIC

8/23/23

_____
Andrew Wickliffe PPS21-0087 / PPS22-0104
Process Server

**D & B Legal Services, Inc.**
P.O. Box 7471
Overland Park, KS 66207
(913) 362-8110

Our Job Serial Number: POW-2021012418

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1w

electronically Filed - Jackson - Independence - January 05, 2022 - 09:33 AM

 **IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>JAMES FRANCIS KANATZAR | Case Number: 2116-CV27478 |
| Plaintiff/Petitioner:<br>WESLEY TY PAGE | Plaintiff's/Petitioner's Attorney/Address<br>DAVID ANDREW LUNCEFORD<br>LUNCEFORD LAW FIRM LLC<br>201 SE 1ST STREET<br>LEES SUMMIT, MO 64063 |
| vs. | |
| Defendant/Respondent:<br>LIFE CARE CENTER OF GRANDVIEW | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: LIFE CARE CENTER OF GRANDVIEW
Alias:

**PRIVATE PROCESS SERVER**

REGISTERED AGENT
6301 E 125TH ST
GRANDVIEW, MO 64030

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

22-DEC-2021
Date

Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

*(Seal)* **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date

_____
Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ (_____ miles @ $._____ per mile) |
| Total | $ _____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 21-SMCC-11894  1 of 1

Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



**Court:**        Jackson County District Court

**Case Number:**  2017-CV-000042

**Case Title:**   Clark Gross vs. Valley Moving LLC, et al.

**Type:**         Journal Entry of Judgment

SO ORDERED.

/s/ Norbert C. Marek, District Court Judge

Electronically signed on 2021-11-23 08:07:52    page 1 of 7

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

WESLEY TY PAGE,        )
           )
        **Plaintiff,**     )
v.               )     **Case No: 2116-CV27478**
           )
LIFE CARE CENTER OF GRANDVIEW, )
           )
        **Defendant.**    )

## ENTRY OF APPEARANCE

I hereby certify that on January 18th, 2022, Attorney Victoria Arends enters in her appearance for Plaintiff Wesley Ty Page. David Lunceford remains lead counsel.

Respectfully submitted,

LUNCEFORD LAW FIRM, LLC

by:*/s/ Victoria Arends*

Victoria Arends, MO #73612

201 Southeast First Street
Lee's Summit, Missouri 64063
Telephone: (816) 525-4701
Facsimile: (816) 347-0366
Email: llf.varends@gmail.com
ATTORNEY FOR PLAINTIFF

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE**

WESLY TY PAGE,                                    )
                                                 )
                     Plaintiff,                  )
                                                 )
v.                                               )          Case No. 2116-CV27478
                                                 )
LIFE CARE CENTER OF GRANDVIEW,                   )
and UNITED MEDICAL INVESTORS                     )
LIMITED PARTNERSHIP, INC. d/b/a                  )
LIFE CARE CENTER OF GRANDVIEW,                   )
                                                 )
                     Defendants.                 )

**ORDER GRANTING DEFENDANTS' MOTION FOR
EXTENSION OF TIME TO FILE RESPONSIVE PLEADINGS**

NOW the Court takes up Defendants' Motion for Extension of Time to answer or otherwise

respond to Plaintiff's Petition. Having reviewed the Motion and being duly advised of the

premises, the Court finds that the Motion should be GRANTED.

Defendants Life Care Centers of Grandview and United Medical Investors Limited

Partnership, d/b/a Life Care Center of Grandview shall have up to and including **February 18,**

**2022** to answer or otherwise respond to Plaintiff's Petition.

IT IS SO ORDERED.

_____          _____
Date                                      THE HONORABLE JAMES F. KANATZAR

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT INDEPENDENCE**

| | | |
|---|---|---|
| WESLY TY PAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 2116-CV27478 |
| | ) | |
| LIFE CARE CENTER OF GRANDVIEW, | ) | |
| and UNITED MEDICAL INVESTORS | ) | |
| LIMITED PARTNERSHIP, INC. d/b/a | ) | |
| LIFE CARE CENTER OF GRANDVIEW, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR EXTENSION OF TIME**
**TO FILE RESPONSIVE PLEADINGS**

COME NOW Defendant United Medical Investors Limited Partnership, d/b/a Life Care Center of Grandview and purported Defendant Life Care Center of Grandview (collectively referred to as "United Medical"), by and through undersigned counsel, and for their Motion for Extension of Time, state as follows:

1.      Plaintiff filed this action on December 20, 2021.

2.      United Medical was served with Plaintiff's Petition on December 28, 2021.

3.      United Medical's deadline to answer or otherwise respond to Plaintiff's Petition is January 27, 2021.  *See* Rule 55.25(a).

4.      United Medical only recently retained counsel for this matter.

5.      Counsel for United Medical requires additional time to investigate the underlying facts of the case in order to prepare an Answer or otherwise respond to the Petition.

6.      United Medical requests an extension of time up to and including February 18, 2022 to answer or otherwise respond to Plaintiff's Petition.

7.     Counsel for United Medical contacted counsel for Plaintiff by email three times about the requested extension – the first time on January 18, 2022 the second time on January 24, 2022, and the third time on January 25, 2022.  Plaintiff's counsel responded on January 25th to the initial email, but did not state his position on the request for more time.

8.     United Medical's request for extension of time will not cause any undue delay or prejudice to any party.

WHEREFORE Defendants Life Care Centers of America, Inc. and United Medical Investors Limited Partnership, d/b/a Life Care Center of Grandview respectfully request this Court grant their Motion for Extension of Time and allow Defendants until **February 18, 2022** to answer or otherwise respond to Plaintiff's Petition, and for any such other and further relief the Court deems just and necessary.

Respectfully submitted,

SANDERS WARREN RUSSELL & SCHEER LLP

*/s/ Sean M. Sturdivan*

Sean M. Sturdivan      MO Bar No. 56234
Kaitlin Marsh-Blake    MO Bar No. 66063
Compass Corporate Centre
11225 College Boulevard, Suite 450
Overland Park, Kansas 66210
Phone: (913) 234-6100
Facsimile: (913) 234-6199
Email: s.sturdivan@swrsllp.com
Email: k.marsh-blake@swrsllp.com
***ATTORNEYS FOR DEFENDANTS***

2

# CERTIFICATE OF SERVICE

     I hereby certify that on the 25th day of January, 2022, the foregoing was filed with the Clerk of the Court using the Missouri eFiling system, which will send notice of electronic filing to all counsel of record.

David A. Lunceford
Rachel Rutter
D'Vante Lewis
Lunceford Law Firm, LLC
201 SE 1st Street
Lee's Summit, Missouri 64063
Phone: (816) 525-4701
Facsimile: (816) 347-0366
Email: LLF.DLunceford@gmail.com
***ATTORNEYS FOR PLAINTIFF***

*/s/ Sean M. Sturdivan*
**ATTORNEY**

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT INDEPENDENCE**

| | | |
|---|---|---|
| WESLY TY PAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 2116-CV27478 |
| | ) | |
| LIFE CARE CENTER OF GRANDVIEW, | ) | |
| and UNITED MEDICAL INVESTORS | ) | |
| LIMITED PARTNERSHIP, INC. d/b/a | ) | |
| LIFE CARE CENTER OF GRANDVIEW, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY OF APPEARANCE AND DESIGNATION OF LEAD COUNSEL

COME NOW Sean M. Sturdivan and Kaitlin Marsh-Blake, of the law firm Sanders Warren Russell & Scheer LLP, and hereby enter their appearance for Defendant United Medical Investors Limited Partnership, Inc., d/b/a Life Care Center of Grandview and purported Defendant Life Care Center of Grandview, in the above-captioned matter.

Sean M. Sturdivan is hereby designated as lead counsel in this matter.

Respectfully submitted,

SANDERS WARREN RUSSELL & SCHEER LLP

*/s/ Sean M. Sturdivan*
Sean M. Sturdivan     MO Bar No. 56234
Kaitlin Marsh-Blake   MO Bar No. 66063
Compass Corporate Centre
11225 College Boulevard, Suite 450
Overland Park, Kansas 66210
Phone: (913) 234-6100
Facsimile: (913) 234-6199
Email: s.sturdivan@swrsllp.com
Email: k.marsh-blake@swrsllp.com
***ATTORNEYS FOR DEFENDANT***

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of January, 2022, the foregoing was filed with the Clerk of the Court using the Missouri eFiling system, which will send notice of electronic filing to all counsel of record.

David A. Lunceford
Rachel Rutter
D'Vante Lewis
Lunceford Law Firm, LLC
201 SE 1st Street
Lee's Summit, Missouri 64063
Phone: (816) 525-4701
Facsimile: (816) 347-0366
Email: LLF.DLunceford@gmail.com
***ATTORNEYS FOR PLAINTIFF***

*/s/ Sean M. Sturdivan*
**ATTORNEY**

2

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT INDEPENDENCE**

| | | |
|---|---|---|
| WESLY TY PAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 2116-CV27478 |
| | ) | |
| LIFE CARE CENTER OF GRANDVIEW, | ) | |
| and UNITED MEDICAL INVESTORS | ) | |
| LIMITED PARTNERSHIP, INC. d/b/a | ) | |
| LIFE CARE CENTER OF GRANDVIEW, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY OF APPEARANCE

COME NOW Kaitlin Marsh-Blake, of the law firm Sanders Warren Russell & Scheer LLP, and hereby enters her appearance for Defendant United Medical Investors Limited Partnership, Inc., d/b/a Life Care Center of Grandview and purported Defendant Life Care Center of Grandview, in the above-captioned matter.

Sean M. Sturdivan is hereby designated as lead counsel in this matter.

Respectfully submitted,

SANDERS WARREN RUSSELL & SCHEER LLP

*/s/ Kaitlin Marsh-Blake*
Sean M. Sturdivan     MO Bar No. 56234
Kaitlin Marsh-Blake   MO Bar No. 66063
Compass Corporate Centre
11225 College Boulevard, Suite 450
Overland Park, Kansas 66210
Phone: (913) 234-6100
Facsimile: (913) 234-6199
Email: s.sturdivan@swrsllp.com
Email: k.marsh-blake@swrsllp.com
***ATTORNEYS FOR DEFENDANT***

## CERTIFICATE OF SERVICE

     I hereby certify that on the 26th day of January, 2022, the foregoing was filed with the Clerk of the Court using the Missouri eFiling system, which will send notice of electronic filing to all counsel of record.

David A. Lunceford
Rachel Rutter
D'Vante Lewis
Lunceford Law Firm, LLC
201 SE 1st Street
Lee's Summit, Missouri 64063
Phone: (816) 525-4701
Facsimile: (816) 347-0366
Email: LLF.DLunceford@gmail.com
***ATTORNEYS FOR PLAINTIFF***

*/s/ Kaitlin Marsh-Blake*
**ATTORNEY**

2