KeyCite Yellow Flag - Negative Treatment
Distinguished by Komoroski v. Home Depot USA, Inc., W.D.Mo., October 9, 2015

2015 WL 2062568
Only the Westlaw citation is currently available.
United States District Court,
W.D. Missouri,
Southwestern Division.

Stewart M. STANLEY, Plaintiff,
v.
The LAFAYETTE LIFE INSURANCE COMPANY, Defendant.

No. 3:13–cv–05137–MDH.
|
Signed May 4, 2015.

**Attorneys and Law Firms**

Andrew S. Buchanan, Charles E. Buchanan, Buchanan Williams & Stilley PC, St. Louis, MO, William E. Peterson, Buchanan Williams & Stilley PC, Joplin, MO, for Plaintiff.

Clark H. Cole, Wilbur L. Tomlinson, Armstrong Teasdale LLP, St. Louis, MO, for Defendant.

## ORDER

DOUGLAS HARPOOL, District Judge.

*1 Before the Court is Plaintiff's Motion to Remand to State Court Pursuant to 28 U.S.C. § 1447. (Doc. 56). The Court stayed briefing on Defendant's Motion for Summary Judgment in order to allow the parties to address the threshold matter of subject matter jurisdiction. *Carlson v. Arrowhead Concrete Works, Inc.,* 445 F.3d 1046, 1050 (8th Cir.2006) ("In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments."). The Court ordered an expedited briefing schedule in light of the approaching trial date. After full and careful consideration, Plaintiff's motion to remand is hereby **DENIED**.

## BACKGROUND

Plaintiff initiated this suit in the Circuit Court of Jasper County, Missouri on September 16, 2013. Plaintiff asserts claims for breach of contract and vexatious refusal to pay arising from a long-term disability insurance policy issued by Defendant. Plaintiff alleges he was involved in an automobile accident at age 48 and suffered injuries that left him Totally Disabled. According to Plaintiff, Defendant acknowledged his Total Disability and paid him disability benefits until he reached age 65. Under the terms of the Policy, the maximum benefit period for Total Disability is "your lifetime if Total Disability commences before your 50th birthday, otherwise until your 65th birthday[.]"[1] Plaintiff claims Defendant breached the terms of the policy without reasonable cause or excuse by terminating Plaintiff's disability benefits at age 65.

On October 15, 2013, Defendant removed the case to federal district court on the basis of diversity jurisdiction. 28 U.S.C. § 1332. Defendant noted diversity of citizenship and argued the amount-in-controversy exceeds $75,000. To calculate the amount in controversy, Defendant multiplied monthly benefits of $840 under the policy by the typical 13–year life expectancy of a 65 year old male. Defendant thereby calculated the value of Plaintiff's claim to be in excess of $131,000 and in excess of $77,000 even if discounted at Missouri's legal rate of 9%. Defendant noted that "Plaintiff also seeks attorney fees and penalties."

On April 9, 2015, nearly eighteen months after Defendant removed the case to federal court, Plaintiff filed a motion to remand. Plaintiff argues for the first time that the Court lacks subject matter jurisdiction because future disability benefits are not includable in calculating the amount in controversy. Plaintiff alleges he turned 65 on April 9, 2013 and states his unpaid monthly benefits at removal were $5,500 and through trial are $21,000. Using this latter figure, Plaintiff calculates the amount of penalties under Missouri's vexatious refusal statute to equal $2,250. Plaintiff argues that "[i]f attorneys' fees were awarded based on the contingency fee of 40%, then the amount in controversy threshold still would not be close to satisfied." Plaintiff argues Defendant lacked an objectively reasonable basis for seeking removal and requests a court order of $4,225 in attorney fees and costs pursuant to 28 U.S.C. § 1447(c).

## STANDARD

*2 A party seeking to remand a case for lack of subject matter jurisdiction may do so at any time before final

judgment is entered. *See* 28 U.S.C. § 1447(c). Although the court's jurisdiction is measured as of the date the action was removed, post-removal events "may be relevant to prove the existence or nonexistence of diversity jurisdiction at the time of filing." *Schubert v. Auto Owners Ins. Co.,* 649 F.3d 817, 822 (8th Cir.2011). A defendant seeking removal "bears the burden of establishing that the district court ha[s] original jurisdiction by a preponderance of the evidence ." *Knudson v. Sys. Painters, Inc.,* 634 F.3d 968, 975 (8th Cir.2011). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Junk v. Terminix Int'l Co.,* 628 F.3d 439, 446 (8th Cir.2010).

In a diversity case, the removing party must show, by a preponderance of the evidence, that the amount in controversy satisfies the jurisdictional minimum. *LaPree v. Prudential Fin.,* 385 F.Supp.2d 839, 842 (S.D.Iowa 2005) (citing *Trimble v. Asarco, Inc.,* 232 F.3d 946, 959 (8th Cir.2000)). In computing the amount in controversy, a removing party may include punitive damages and statutory attorney fees. *Crawford v. F. Hoffman–La Roche Ltd.,* 267 F.3d 760, 766 (8th Cir.2001). The preponderance standard requires the removing party to present "some specific facts or evidence demonstrating that the jurisdictional amount has been met" such as "responses to discovery requests or damage recoveries in similar cases." *Hoffmann v. Empire Mach. & Tools Ltd.,* No. 4:10–CV–00201–NKL, 2010 WL 2216631, at *2 (W.D.Mo. May 28, 2010). "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Hargis v. Access Capital Funding, LLC,* 674 F.3d 783, 790 (8th Cir.2012).

## DISCUSSION

Plaintiff argues the Court lacks subject matter jurisdiction because the amount in controversy requirement for diversity jurisdiction is not satisfied. In calculating the amount in controversy, the parties dispute two issues: future potential benefits under the policy and the amount of reasonable attorney fees to include in the calculation.

The parties dispute whether potential future benefit payments should be included in the amount in controversy calculation. The clear federal rule permits a court to consider future benefit payments where the validity of the policy is at issue but not where the controversy concerns the mere extent of the insurer's obligation with respect to the benefits. *Massachusetts Cas. Ins. Co. v. Harmon,* 88 F.3d 415, 416–17 (6th Cir.1996); *Davis v. Mut. of Omaha Ins. Co.,* 290 F.Supp. 217, 219 (W.D.Mo.1968); 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3710 (3d ed.1998). The parties acknowledge this rule but dispute whether the controversy at issue concerns the validity of the insurance policy or the presence/absence of conditions measuring Defendant's liability thereunder.

*3 Upon review, the Court agrees with Plaintiff that the controversy in this case concerns the *extent* of Defendant's obligation with respect to Plaintiff's disability benefits. The parties do not dispute that Plaintiff purchased a valid policy of disability insurance from Defendant, that Plaintiff was covered by that policy at the time of his car accident, that Plaintiff was covered by that policy at the time he made a claim for disability, that Plaintiff was Totally Disabled under the policy, or that the policy provides lifetime benefits for Total Disability that commences prior to age 50. Instead, as stated by Defendant in its motion for summary judgment, the issue in dispute is: "When did Total Disability (as defined by the Policy) commence relative to Plaintiff's 50th birthday?" *See* Def.'s Mot. Summ. J. 2.

This is clearly a case where the parties agree that a valid disability insurance policy existed but disagree as to their obligations under the terms of that policy. Accordingly, future potential benefits should not be included in the amount in controversy calculation. *See generally Shoemaker v. Sentry Life Ins. Co.,* 484 F.Supp.2d 1057, 1058 (D.Ariz.2007) (future benefits not included where controversy concerned whether insured was entitled to disability payments for life or until age seventy); *Feliberty v. Unumprovident Corp.,* No. 03 C 7569, 2003 WL 22991859, at *3 (N.D.Ill.Dec. 16, 2003) ("because the complaint shows the dispute centers on defendants' claim that he failed to satisfy conditions of coverage ... alleged future benefits payable under the policy may not be used to establish the sum in controversy").[2]

### A. Amount in Controversy: Future Benefits

### B. Amount in Controversy: Attorney Fees

The parties also dispute the appropriate amount of attorney fees to include in the amount in controversy calculation. At the time of removal, Plaintiff's past unpaid disability benefits amounted to $5,500. Adding statutory penalties to this sum,[3] Defendant would have to show by a preponderance of the evidence that Plaintiff's reasonable, statutory attorney fees are likely to exceed $68,800 in order to meet the jurisdictional threshold.[4] Even assuming the Court could appropriately consider past unpaid benefits through the expected date of trial, Defendant would have to present evidence to show a potential attorney fee award of $51,750.[5]

In a Missouri vexatious refusal case, a party may include a reasonable estimate of statutory attorney fees in calculating the amount in controversy. Mo.Rev.Stat. § 375.420; *see, e.g., Peng Vang v. Mid–Century Ins. Co.*, No. 12–CV–01309–DGK, 2013 WL 626985, at *2 (W.D.Mo. Feb. 20, 2013); *Harris v. TransAmerica Life Ins. Co.*, No. 4:14–CV–186 CEJ, 2014 WL 1316245, at *1–2 (E.D.Mo. Apr. 2, 2014). There is currently "a split in authority as to whether *future* attorney's fees may be included in addition to the attorney's fees as of the date of removal." *Feller v. Hartford Life & Acc. Ins. Co.*, 817 F.Supp.2d 1097, 1104 (S.D.Iowa 2010) (collecting cases). While the Eighth Circuit has not yet addressed the issue, the majority of district courts within this circuit have held that attorney fees incurred post-removal are includable in the amount in controversy calculation so long as they are reasonable.[6]

*4 Here, Defendant presents "some specific facts or evidence" to calculate Plaintiff's anticipated award of attorney fees. Although Defendant's notice of removal states only that "Plaintiff also seeks attorney fees and penalties [,]" Defendant's suggestions in opposition to remand demonstrate that potential attorney fees alone satisfy the jurisdictional threshold. Defendant cites the following evidence to support its suggestion that the Court could grant a significant fee award: (1) an affidavit by defense counsel showing that Defendant has already incurred over $111,000 in attorney fees,[7] and (2) statements that indicate Plaintiff's counsel believes the amount of fees actually expended on the case, which he plans to request notwithstanding the contingency fee agreement, satisfies the amount in controversy.[8]

This evidence shows, by a preponderance of the evidence, that a reasonable estimate of attorney fees could place the amount in controversy above $75,000. Plaintiff's counsel intends to seek attorney fees far in excess of the amount recoverable under the contingency fee agreement, and it is telling that Plaintiff's counsel admits "[i]f an award is entered based on the amount of time and expense Plaintiff's attorneys have incurred, then Plaintiff anticipates the amount of attorneys' fees to be sufficient to satisfy the amount in controversy requirement." Furthermore, Defendant has shown that an award of attorney fees in excess of the jurisdictional amount could be considered reasonable in this case. As stated by Defendant, the issue presented "turns upon facts and events from nearly 20 years past" and the case is "significantly complicated by loss of evidence due to the passage of time [.]" Defendant elaborates that multiple depositions were required due to Plaintiff's failure to preserve work records and Plaintiff's identification of potential witnesses.[9] Even Plaintiff's counsel admits that he has expended "a significant amount of time ... in this litigation" and he cites depositions, out-of-town witnesses, and complex medical records to provide "a brief example illustrating the complexity and amount of time required by Plaintiff's attorneys litigate this action."

Although the amount in controversy is determined at the time of removal, the Court finds the subsequent statements/admissions considerable pursuant to *Schubert v. Auto Owners Insurance Company* because they reveal the true amount in controversy at the commencement of the action. *See* 649 F.3d 817, 823 (8th Cir.2011) ("distinction must be made ... between subsequent events that change the amount in controversy and subsequent revelations that, in fact, the required amount was or was not in controversy at the commencement of the action."). The evidence and argument presented show by a preponderance of the evidence that, at the time of removal, the reasonably anticipated attorney fees—in conjunction with the past benefits and penalties—could exceed the jurisdictional threshold.[10] *See generally Goins v. Goins*, 406 S.W.3d 886, 891 (Mo.2013) (en banc) ("The trial court is considered an expert as to the necessity, reasonableness, and value of attorney's fees[.]").

*5 Therefore, Plaintiff is entitled to remand only if he can show to a legal certainty that his claims are for less than the requisite amount. Plaintiff's reply suggestions argue that "[t]his was *never* a complex case" and "Plaintiff's attorneys have been forced to invest significant time and expense, which has been an involuntary response to Defendant's misguided approach." Plaintiff also takes the position that attorney fees incurred after removal are not to be considered in determining the jurisdictional minimum. As explained above, the Court sides with the majority of district courts within the

Eighth Circuit to hold that a reasonable estimate of future attorney fees may be considered in calculating the amount in controversy. Plaintiff's arguments concerning the complexity of the case are inconsistent with his previous statements and fail to show to a legal certainty that the amount in controversy will not exceed $75,000.

### C. Attorney Fees under 28 U.S.C. § 1447(c)

Plaintiff moves for an award of attorney fees pursuant to 28 U.S.C. § 1447(c). The removal statute states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Here, the Court is not entering an order of remand; therefore, attorney fees are not appropriate. Moreover, Plaintiff's eighteen-month delay is seeking remand weighs heavily in favor of denying attorney fees. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

### CONCLUSION

Defendant has established the requisite amount in controversy by a preponderance of the evidence and the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Accordingly, Plaintiff's motion to remand (Doc. 56) is **DENIED.** The Court hereby lifts the stay in this case and, pursuant to the Court's order dated April 10, 2015, Plaintiff's suggestions in opposition to Defendant's motion for summary judgment are due on or before May 18, 2015.

**IT IS SO ORDERED.**

### All Citations

Not Reported in F.Supp.3d, 2015 WL 2062568

### Footnotes

1. The Policy is attached to Defendant's Suggestions in Support of Motion for Summary Judgment. Doc. 55–2.
2. Defendant argues: "Plaintiff is now trying to backdate his Total Disability in order to revive his expired policy. Therefore, this case is about the validity of the policy." The Court disagrees. The question presented is not whether a valid contract currently exists between the parties; nor does the question concern whether a valid contract existed at the time Plaintiff filed for Total Disability or at the time his Total Disability commenced. Rather, the question presented is whether Plaintiff's Total Disability "commenced" under the terms of the policy before his 50th birthday. Although that determination will affect the "maximum benefit period" and the associated date of policy expiration, the actual controversy in this case surrounds the presence/absence of facts and conditions at the time Plaintiff filed for Total Disability—conditions that measure the extent of Defendant's liability under the policy.
3. The Missouri vexatious refusal statute allows a court or jury to award "damages not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars and a reasonable attorney's fee[.]" Mo.Rev.Stat. § 375.420.
4. $75,000–$5,500 (unpaid benefits at time of removal)-$700 (penalties) = $68,800.
5. $75,000–$21,000 (unpaid benefits at time of trial)-$2,250 (penalties) = $51,750.
6. *Houston, Dickerson & Dickerson, Inc. v. Nationwide Prop. & Cas. Ins. Co.*, No. 13–2125, 2013 WL 3381078, at *2 (W.D.Ark. July 8, 2013) ("Taking into consideration fees for services already rendered together with a reasonable estimate of fees for services to be performed throughout the remainder of the legal proceedings, it is reasonable to conclude the amount in controversy will exceed $75,000.00."); *Mueller v. RadioShack Corp.*, No. 11–CV–0653 PJS/JJG, 2011 WL 6826421, at *2 (D.Minn. Dec. 28, 2011) ("The Court will therefore take into account Mueller's likely future attorney's fees for purposes of determining the amount in controversy."); *Feller v. Hartford Life & Acc. Ins. Co.*, 817 F.Supp.2d 1097, 1104 (S.D.Iowa 2010) ("After reviewing the various conclusions of other courts, this Court finds that it is rational to include the future legal expenses in calculating the amount in controversy."); *Peterman v. Tinsley*, No. 3:07 CV 00047 WRW, 2007 WL 1589549, at *1 (E.D. Ark. June 1, 2007) (including reasonable estimate of attorneys' fees likely to be incurred up to resolution of the case); *but see Mak Automation, Inc. v. G.C. Evans Sales & Mfg. Co.*, No. 4:06CV1579MLM, 2008 WL 821711, at *3 (E.D.Mo. Mar. 25, 2008) ("only those attorneys' fees accrued at the date Plaintiff filed the Complaint in the matter under consideration may be included in the calculation of the jurisdictional amount"); *GreatAmerica Leasing Corp. v. Rohr–Tippe Motors, Inc.*, 387 F.Supp.2d 992, 996 (N.D.Iowa 2005) ("to determine the amount in controversy

under 28 U.S.C. § 1332, the court should only count the attorney fees and interest accrued at the time the lawsuit was filed in state court").

7     This is based on a billing rate of $250/hour. Doc. 62–3. The Court notes that Plaintiff appears to calculate his hourly fee at $300/hour. Doc. 57, 11–12.

8     Plaintiff's suggestions in support of remand state:

> Plaintiff has a contingency fee agreement with his attorneys. If attorneys' fees were awarded based on the contingency fee of 40%, then the amount in controversy threshold still would not be close to satisfied. Plaintiff, however, will seek an award of attorneys' fees under § 375.420 that more accurately reflects the significant amount of time that his attorneys have expended in this litigation. If an award is entered based on the amount of time and expense Plaintiff's attorneys have incurred, then Plaintiff anticipates the amount of attorneys' fees to be sufficient to satisfy the amount in controversy requirement.

Doc. 57, 9–10.

Plaintiff's attorney stated in a deposition that:

> I can stipulate that we have a contingency fee agreement with him.... I think it's probably 25 before a lawsuit is filed, 33 1/3 if a lawsuit is filed, but before trial is settled. And then if it goes to trial, 40 percent of whatever is recovered.... But I do keep track of my time on a sheet that I make.... Because, as you know, attorneys' fees are involved in here. And we're not—if there's a judgment for attorneys' fees, we don't intend to be limited by the contingency fee agreement. So I've kept track of my time quite diligently.

Doc. 62–4.

9     While the amount in controversy is determined at the time of removal, the Court finds that these subsequent actions of the attorneys are considerable as evidence that reveals the required amount that was in controversy at the commencement of the action. *See Schubert v. Auto Owners Ins. Co.,* 649 F.3d 817, 823 (8th Cir.2011) ("distinction must be made ... between subsequent events that change the amount in controversy and subsequent revelations that, in fact, the required amount was or was not in controversy at the commencement of the action.").

10    Although the parties cite no case law to demonstrate reasonable fee awards in vexatious refusal cases, the Court's review shows that significant awards are recoverable. *See, e.g., Dhyne v. State Farm Fire & Cas. Co.,* 188 S.W.3d 454, 458 (Mo.2006), as modified on denial of reh'g (Apr. 11, 2006) (upholding jury award three times as large as damages); *Tripp v. W. Nat. Mut. Ins. Co.,* 664 F.3d 1200, 1208 (8th Cir.2011) (affirming attorney fee award of $65,000 in vexatious refusal case); *Bjornestad v. Progressive N. Ins. Co.,* 664 F.3d 1195, 1198–199 (8th Cir.2011) (affirming attorney fees award of $45,718.60 in vexatious refusal case).

---

**End of Document**                                    © 2022 Thomson Reuters. No claim to original U.S. Government Works.